IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENNETH HENSEL,              )
                             )
       Plaintiff,            )
                             )
    v.                       )   Civil Action No. 15-367
                             )
CAROLYN COLVIN, ACTING       )
COMMISSIONER OF SOCIAL SECURITY, )
                             )
       Defendant.            )

O R D E R

AND NOW, this 30th day of March, 2016, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for Disability Insurance Benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither

1

reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] As Plaintiff acknowledges, this Court previously held in Doty v. Colvin, 2014 WL 29036 (W.D. Pa. Jan. 2, 2014), that an Administrative Law Judge ("ALJ") is not required to base his or her findings regarding a claimant's residual functional capacity ("RFC") on a particular medical opinion and that an ALJ is not required to base his or her rejection of a medical opinion as to functional limitations expressly on another opinion. The Court explained that this holding is consistent with Third Circuit case law providing that "[t]he ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011). See also 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c); S.S.R. 96-5p, 1996 WL 374183 (S.S.A. 1996). It is also consistent with case law providing that "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." Titterington v. Barnhart, 174 Fed. Appx. 6, 11 (3d Cir. 2006). See also Chandler, 667 F.3d at 362 (holding that each fact incorporated into the RFC need not have been found by a medical expert). As the Circuit Court explained in Titterington, "[s]urveying the medical evidence to craft an RFC is part of an ALJ's duties." 174 Fed. Appx. at 11. See also Mays v. Barnhart, 78 Fed. Appx. 808, 813 (3d Cir. 2003); Cummings v. Colvin, 2015 WL 4092321, at **5-6 (W.D. Pa. July 7, 2015); Carter v. Colvin, 2015 WL 1866208, at *10 n.3 (W.D. Pa. Apr. 23, 2015); Goodson v. Colvin, 2014 WL 5308021, at *3 (Oct. 16, 2014); Hayes v. Astrue, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007).

Nonetheless, Plaintiff is correct that, in any event, substantial evidence must support an ALJ's findings as to the claimant's RFC and as to the ALJ's decision not to follow a medical opinion. Here, however, substantial evidence does support the ALJ's findings. The ALJ discussed the objective medical evidence in significant detail and explained that much of Plaintiff's complaints regarding his back pain related to specific events. (R. 17-20). The ALJ also relied on the fact that Plaintiff's activities of daily living included a substantial amount of heavy lifting. (R. 19). She also noted and discussed Plaintiff's history of non-compliance with

medical directives. (R. 20). The ALJ found that this record supported a finding that Plaintiff was limited to medium work, and substantial evidence supports this finding. Indeed, the RFC here is the same as was found by another ALJ in regard to Plaintiff's prior claim for benefits less than two years earlier. (R. 57-67).

Moreover, the ALJ acknowledged the opinion of the state agency reviewer, Bruno Petruccelli, M.D., but did not give it full weight because Dr. Petruccelli had not examined Plaintiff and because he did not have all of the evidence. Indeed, since the opinion here was offered by a non-treating, non-examining source, Dr. Petruccelli did the same thing in formulating his opinion that the ALJ did – review the record. This case therefore does not present the issue of an ALJ rejecting a physician's diagnosis or medical conclusion based on testing, examination, or clinical observations. Instead, the ALJ's review of the record evidence simply produced a different result than that of a reviewing physician. In this regard, the Court notes that "the opinions of a doctor who has never examined a patient have less probative force as a general matter, than they would have had if the doctor had treated or examined him," Morales v. Apfel, 225 F.3d 310, 320 (3d Cir. 2000) (internal quotations omitted).

It is particularly noteworthy in this case that the reviewing agent offered his opinion that Plaintiff was limited to light work just five months after the prior ALJ decision that had found that he could perform medium work. In his opinion, Dr. Petruccelli cites entirely to evidence from prior to that previous ALJ decision. Indeed, there is little medical evidence from the period between the date the ALJ issued his decision in the prior case on November 18, 2011, and the reviewing agent's opinion on April 25 2012, and none of it appears to relate to Plaintiff's back problems. (R. 210-14, 224-25, 459). It is not entirely clear whether Dr. Petruccelli had access to any medical records from after the date of the prior ALJ decision, so it is not clear that his opinion covers the relevant time frame. (R. 72-74). Unlike Dr. Petruccelli, the ALJ had access to the entire record for the relevant time period, including a good deal of evidence shedding light on Plaintiff's activities of daily living, when making her determination. She in no way was required to defer to a reviewing physician with a far more limited understanding of the record as a whole and whose opinion largely, if not exclusively, pertained to the period prior to Plaintiff's prior denial of benefits.

Accordingly, the ALJ adequately explained the basis for her findings, and substantial evidence supports her decision.

3

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 11) is DENIED, and Defendant's Motion for Summary Judgment (document No. 13) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of record